# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEMETRIUS BENSON, JABRIL MUHAMMAD, *and* TERRANCE FOSTER,<br><br>*Plaintiff*,<br><br>v.<br><br>VAUGHN INDUSTRIES LLC,<br><br>*Defendant*. | CASE NO.: 5:18-CV-468 |

## STIPULATED PROTECTIVE ORDER
### (AS MODIFIED)

The parties to this Stipulated Protective Order have agreed to the terms of this Order. Accordingly, it is ordered:

**1     Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2      **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. The designation CONFIDENTIAL does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3      **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, proprietary information, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

4      **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL. Alternatively, any party may designate information disclosed at such deposition as confidential by notifying all parties and the court reporter in writing, within ten (10) days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL, pending objection under the terms of this Order.

# 5 Protection of Confidential Material.

**5.1** **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5.2 for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**5.2** **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs 5.2.1–5.2.5 of this section. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

**5.2.1** **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

**5.2.2** **Parties.** Parties and management-level employees of a party to this Order;

**5.2.3** **Court Reporters and Other Courtroom Personnel.** Court reporters and recorders engaged for depositions, and the courtroom personnel at any deposition, pretrial hearing, trial or other proceeding held in connection with this action;

**5.2.4** **Mediator.** Any person designated as a mediator by order of the Court or agreement of the parties who agrees to be bound by this Order;

**5.2.5** **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment 1, ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND; and

**5.2.6** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment 1, ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND.

**5.3** **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**5.4** **Copies**. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**5.5** **Inadvertent Production**. Inadvertent production of any document or information without a designation of CONFIDENTIAL, or inadvertent disclosure of any document protected by privilege, shall be governed by Fed. R. Evid. 502.

**6** **Filing of CONFIDENTIAL Documents under Seal**. The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. In the case of images marked CONFIDENTIAL, the memorandum or pleading may give a brief description of the image.

**6.1** Before any document marked as CONFIDENTIAL is filed under seal with the Clerk, the filing party shall first consult with the party that originally

designated the document as CONFIDENTIAL to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

 **6.2** Where agreement is not possible or adequate, before a hard copy of a CONFIDENTIAL document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL DOCUMENTS", and filed in hard copy in accordance with the Local Rules.

**7** **Challenges by a Party to Designation as Confidential**. Any CONFIDENTIAL designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**8** **Action by the Court**. Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion pursuant to the Local Rules and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

**9** **Use of Confidential Documents or Information at Trial**. All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial

CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**10  Obligations on Conclusion of Litigation.**

    **10.1  Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **10.2  Return of CONFIDENTIAL Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 5.4, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or reates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of

confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation if its use does not disclose or use CONFIDENTIAL documents.

**10.3** **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**11** **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed pursuant to the Local Rules and the presiding judge's standing orders or other relevant orders.

**12** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**13** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**********************

**COURT'S APPROVAL AND MODIFICATIONS**

This Stipulated Protective Order is the subject of the parties' motion (D.E. 15) for entry thereof in the form proposed at D.E. 15-1. The court hereby ALLOWS the motion, and APPROVES and ADOPTS the foregoing terms of the Stipulated Protective Order, subject to the following modifications:

1. A party may designate any discovery material as "Confidential" pursuant to the Stipulated Protective Order only if such party believes in good faith that such discovery material qualifies for protection under Federal Rule of Civil Procedure 26(c).

2. All court personnel shall be deemed included in paragraph 5.2.3.

3. The provisions of Local Civil Rule 79.2, E.D.N.C., along with Section V.G of the ECF Administrative Policies and Procedures Manual cited therein, shall control the filing of sealed documents, notwithstanding any contrary terms in this Stipulated Protective Order, including any such terms in paragraph 6.

4. Notwithstanding any contrary provisions in paragraph 10.1, the extent to which this Stipulated Protective Order survives the conclusion of this lawsuit shall be determined in accordance with law.

5. The return of confidential information by the court shall be governed by Local Civil Rule 79.1, E.D.N.C., notwithstanding any contrary terms in this Stipulated Protective Order, including any such terms in paragraphs 10.2 and 10.3.

SO ORDERED, this 23rd day of April 2019.

*[signature]*
James E. Gates
United States Magistrate Judge

# ATTACHMENT 1
ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **DEMETRIUS BENSON, JABRIL MUHAMMAD,** *and* **TERRANCE FOSTER,**<br><br>*Plaintiff,*<br><br>v.<br><br>**VAUGHN INDUSTRIES LLC,**<br><br>*Defendant.* | CASE NO.: 5:18-CV-468 |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of North Carolina in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____


Date: _____  Signature: _____